```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT
```

STRIKE 3 HOLDINGS, LLC          :
  Plaintiff,                    :
                                               :
    v.                            : Civil No. 3:19cv780(AVC)
                                               :
JOHN DOE,                       :
  defendant.                    :

**ORDER RE: MOTION TO SERVE THIRD PARTY SUBPOENA**

    This is an action for damages and injunctive relief in which the plaintiff, Strike 3 Holdings, LLC, alleges that the defendant, John Doe, who is identified only by his internet protocol ("IP") address, unlawfully infringed on the plaintiff's copyright by distributing its adult films.  The plaintiff has filed a motion to serve a third-party subpoena in order to discover the identity of, and serve, the defendant.

    The plaintiff having established good cause, the motion (doc. no. 3) is granted, subject to the following limitations:

    1. Within fourteen (14) days of this order, the plaintiff may serve a third-party subpoena on the internet service provider ("ISP"), Optimum Online (hereinafter "Optimum"), along with a copy of this order and the complaint and exhibits, and shall file proof of such service.  The plaintiff may subpoena Optimum only to obtain the defendant's name and address, but not the defendant's e-mail address or telephone numbers.

    2. Within 30 days of receipt of the subpoena, Optimum shall serve a copy of this order, the complaint and the subpoena on

the subscriber, John Doe, by mailing written notice to his last known address.

3. John Doe shall have 60 days from the date of service, in which to file any motions with the court contesting the subpoena, as well as any motions to proceed under the pseudonym, John Doe.  Optimum shall not turn over any identifying information before expiration of this 60 day period.  If Optimum or the defendant files a motion to quash or modify the subpoena or a motion to proceed anonymously, Optimum may not turn over any information to the plaintiff until the court rules on the motion(s) and orders Optimum to turn over such information.

4. Optimum shall preserve any subpoenaed information pending resolution of any motion(s) to quash or modify.

5. The plaintiff may only use the defendant's name and address for the purposes of this litigation and shall not otherwise disclose such information.  In addition, the plaintiff shall not threaten to disclose the defendant's identifying information.

It is so ordered this 28th day of June, 2019, at Hartford, Connecticut.

>            /s/
> Alfred V. Covello
> United States District Judge